UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MISSOURI EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | Case No. 4:19-cr-00613 SRC |
| ) | |
| HARRY JOHN HAMM, ) | |
| ) | |
| Defendant(s). ) | |

**Memorandum and Order**

The Court previously denied Hamm's motion to seal his sentencing memorandum, Doc. 59, with an order that included a lengthy explanation of Supreme Court and federal-circuit authority regarding the public's right of access to court documents.  Doc. 68.  In his motion, Hamm cited no constitutional provisions, statutes, or cases, and provided scant argument or analysis.  Doc. 59.  At what was set, at Hamm's request, as a combined plea-and-sentencing hearing, Hamm's counsel moved to continue the sentencing, withdrew his sentencing memorandum, Doc. 60, and moved for 45 days to brief the sealing issue, a more-than-sufficient briefing period given that under the Court's Local Rules parties have 21 days to respond to dispositive motions.  Doc. 75 at 49:21–52:17; E.D. Mo. L.R. 4.01.  The Court granted both of Hamm's motions; having re-set Hamm's sentencing for April 26, 2021, the Court now addresses Hamm's renewed motion to seal, Doc. 84.

Hamm pleaded guilty to two counts of possession of child pornography and one count of accessing with intent to view child pornography.  Doc. 66.  In his now-withdrawn sentencing memorandum, Hamm asks the Court to take into account various aspects of his history and

1

circumstances and impose a substantially more lenient sentence than called for under the United States Sentencing Guidelines.  Doc. 60.

In arguing that the Court should seal his sentencing memorandum, Hamm cites to a variety of sources, including a law review article, regulations applicable to the Bureau of Prisons, an assortment of federal statutes, and cases outside the Eighth Circuit.  Doc. 84.  Hamm's renewed motion does not mention, much less attempt to distinguish, the vast majority of the binding and persuasive circuit-court authority cited in the Court's 17-page order denying his earlier motion to seal.  Doc. 84.  To the contrary, the lone Eighth Circuit case Hamm does cite for support actually undermines his position.  *Id.* at pp. 5–6, 9–10, 11 (citing *United States v. Thompson,* 713 F.3d 388 (8th Cir. 2013)).

In short, Hamm's renewed motion relies on inapplicable authority and fails to account for the consequences of the positions it forwards.  The Court addresses Hamm's arguments in turn.  For context, the Court incorporates its extensive discussion of the governing law set forth in its Order, Doc. 68, denying Hamm's motion to seal.  The Court further notes that Hamm bears a heavy burden: "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides a compelling reason for doing so."  *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013) (citing *In re Neal*, 461 F.3d 1048, 1045 (8th Cir. 2006)).

**I.      January 2017 Administrative Order from the Eastern District of Missouri**

Hamm's first argument demonstrates his failure to account for the consequences of the arguments he forwards.  Hamm cites to paragraph 11 of a 2017 Administrative Order issued by this Court en banc, which states:

> [t]o minimize and, if possible, to avoid invasion of privacy and to prevent unnecessary and unjust defamation, degradation, or discrediting of the defendant or

2

> contributing agencies and individuals or corporations, the parties and their counsel shall not disseminate the PSR, a confidential court document, *or information contained therein*. Unauthorized dissemination will be an act in contempt of court and may be punished accordingly.

Doc. 84 at p. 2 (emphasis in original).  Hamm argues that because his sentencing memorandum discusses information contained in the pre-sentencing report, this Administrative Order mandates sealing.  *Id*.  Yet, under Hamm's theory, any information contained in the pre-sentencing report must be sealed, including banal information such as Hamm's name; and Hamm's theory would lead to virtually every sentencing memorandum being sealed.  Neither the letter nor the spirit of the Order supports such an expansive reading, and Hamm's interpretation that the Order requires *per se* sealing runs counter to well-established case law on open access to the Courts under the First Amendment and common law.  Adopting Hamm's theory would lead to absurd results and overlooks binding precedent.

Hamm additionally argues that the Administrative Order's being "signed by eleven district judges of the Court supports sealing the entire sentencing memorandum document." Doc. 84 at p. 2.  But the cited paragraph of the Order does not address sentencing memoranda; nor does it expressly or impliedly attempt to override governing law, and Hamm does not cite any authority for such an expansive proposition.  To put that Order in context, the Court notes that since Hamm filed his original motion to seal, the Court has since unanimously adopted revised Local Rule 13.05 on sealing, which substantially limits sealing in conformance with the governing law on open access to the courts.  *See* Press Release, United States District Court for the Eastern District of Missouri, USDC-EDMO Adopts Amended Local Rule 13.05 Regarding Sealing Materials Filed with the District Court; Proposed Effective Date of June 1, 2021 (April 16, 2021), https://www.moed.uscourts.gov/news/2021/usdc-edmo-adopts-amended-local-rule-1305-regarding-sealing-materials-filed-district-court.

3

For all of these reasons, Hamm's arguments regarding the Administrative Order lack merit.

## II.     Hamm's Four Reasons for Sealing

Hamm next offers four general reasons to support sealing his sentencing memorandum: 1) reentry to society; 2) sexual victimization; 3) health information; and 4) safety concerns. While each reason may merit consideration of sealing in the appropriate case, Hamm fails to demonstrate that his circumstances properly fall into one of these reasons.  Instead, evident of a flaw pervading his motion, Hamm cites to a general proposition of law and then claims the proposition applies to his specific circumstance without providing the requisite argument or authority.

### A.     Reentry into Society

Hamm argues that a general societal interest in minimizing unnecessary stigmatization to facilitate reentry into society and rehabilitation justifies sealing his sentencing memorandum. Hamm cites to *United States v. Corbitt*, 879 F.2d 234, 237 (7th Cir. 1989) (citing the ABA Standards for Criminal Justice) for support, but the ABA commentary made in *Corbitt* came in the context of whether the contents of pre-sentencing reports should be disclosed to a third party. Moreover, Federal Rule of Criminal Procedure 32, cited in *Corbitt*, deals with pre-sentence reports and instructs courts to seal them.  No similar rule exists for sentencing memoranda. Under Hamm's argument, virtually all sentencing memoranda would again be sealed.

Notably, while Hamm has the right not to disclose personal information in his sentencing memorandum, he placed this information within the ambit of the public's right to access under the First Amendment and common law by electing to ask the Court to consider that information and grant him lenity.  Neither the Court nor anyone else required Hamm to include this

4

information in his sentencing memorandum; rather, at his sole discretion, he included that information for the express purpose of requesting a lower sentence.

Hamm also cites Jacob Grimes, Comment, *The Sentencing Memorandum: The Legal Standard and Societal Implications of Its Online Publication*, 36 St. Louis U. Pub. L. Rev. 87 (2017) to argue that publishing his sentencing memoranda online fails to account for rehabilitation.  That student-written article makes policy arguments contrary to Supreme Court and Eighth Circuit precedent on open courts and the public's right of access under the First Amendment and common law.  *Compare id*. *with authorities cited in* Doc. 68 at pp. 6–12.  The Court declines to adopt the article's suggested policies and instead follows established law.

> **B.** **Sexual Victimization**

Hamm next suggests that laws protecting the victims of his crimes instead protect him, Doc. 84 at pp. 3–4, citing Rule 412 of the Federal Rules of Evidence and 18 U.S.C. § 3771.  He claims, without any supporting authority, that the interest these statutes seek to protect "also exists where the victim is a defendant proffering the previous episode of victimization as a factor in mitigation of punishment."  Doc. 84 at p. 3.  But Hamm fails to show that these statutes afford protections to convicted child-pornography defendants invoking past sexual abuse to argue for a lower sentence.

As Hamm notes, Rule 412's Advisory Committee Notes states that "[t]he rule aims to safeguard *the alleged victim* against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Doc. 84 at p. 3 (emphasis added).  Hamm omits the next sentence, which states "[b]y affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal

5

proceedings against alleged offenders." *Id*.  Thus, Rule 412 seeks to protect the interests of victims testifying in proceedings against their accused; nothing indicates that Rule 412 also applies to a convicted defendant invoking past sexual trauma as reason to justify a lower sentence.  Hamm cites no authority for such a counter-textual proposition.  Doc. 84.

Hamm comes to this Court not as a victim, but as a person convicted of serious crimes that inflict harm on innocent minors.  The statute Hamm relies on, 18 U.S.C. § 3771, affords rights to crime victims.  *See* 18 U.S.C. § 3771(b)(1), 3771(e)(2).  Nowhere in the text does the statute purport to afford protections to convicted criminals.  *Id*.

Hamm likewise fails to account for the non-sensical consequences that would result if the Court adopted his argument.  For example, if the Court afforded Hamm the rights provided by section 3771, he would be entitled to be protected from himself, to confer with the Assistant United States Attorneys, to full and timely restitution, etc.  *See* 18 U.S.C. § 3771(a)(1), (5), (6).  Additionally, the regulations under section 3771 further demonstrate the fallacy of Hamm's argument, which if applied to Hamm would allow him to file a complaint in which he would have to list himself as both the crime victim and the defendant.  28 C.F.R. § 45.10 (c)(2)(i), (iii).  The Court therefore finds that Hamm's sexual victimization, while tragic, does not warrant affording him the rights provided to his victims by FRE 412 and 18 U.S.C. § 3771.

C.  **Medical Information**

Hamm rightly notes an individual's privacy interests in his medical information is recognized in laws such as the Health Insurance Portability and Accountability Act, Pub. L. 104-191.  Yet, as this Court previously found, courts are not covered entities under HIPAA and thus HIPAA does not apply to courts or supply a basis for sealing.  *See USA v. Moore*, 4:19-cr-00617-SRC, Doc. 72 (E.D. Mo. April 8, 2021).  Hamm cites *United States v. Gayden*, 2018 WL

6

8808060, *1 (M.D. Fla. Sept. 4, 2018), in which the court justified sealing a sentencing memorandum because it contained "intimate medical information that should remain private" pursuant to HIPAA. *Gayden's* conclusion does not square with the text of HIPAA. The Court also notes that the Eleventh Circuit applies a more specific balancing test than the test used in the Eighth Circuit. *Compare Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (discussing a non-exhaustive list of six factors courts consider "[i]n balancing the public interest in accessing court documents against a party's interest in keeping it confidential"), *with IDT*, 709 F.3d at 1224 ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts" and the weight given "may be overcome . . . if the party seeking to keep the records under seal provides a compelling reason for doing so." (citations omitted)).

Hamm also cites *United States v. Kravitz*, in which the First Circuit stated that "[m]edical information is . . . 'universally presumed to be private, not public.'" 706 F.3d 47, 63 (1st Cir. 2013) (quoting *In re Boston Herald. Inc.*, 321 F.3d 174, 190 (1st Cir. 2003)). The court further explained that "[t]he privacy interest in medical information is 'neither fundamental nor absolute' . . . and can be waived or otherwise overcome by a variety of means." *Id*. (citations omitted). Applying these principles, the court ultimately rejected the defendant's motion to seal certain portions of the sentencing memorandum that pertained to personal medical matters, including details of physical and mental health. *Id*. It found that the defendant's argument lost force because he already publicly disclosed the information he sought to be redacted. *Id*. The Court finds that Hamm's argument similarly fails because he has already disclosed his present medical condition in previous motions. Docs. 77, 82, 83. Hamm cannot assert a strong privacy

7

interest in information that he previously made public.  Moreover, Hamm—and Hamm alone—asks the Court to consider this information to grant him a lenient sentence, which further argues in favor not of sealing but of disclosure.  *See* Doc. 68 at pp. 12-16.[1]

Finally, even though *United States v. Jackman*, 2011 WL 2790165 (D. Utah July 14, 2011) found that psychological evaluations should be kept under seal, Hamm does not point to any psychological evaluation at issue here.  Notably, Hamm fails to cite any case law within the Eighth Circuit finding that a sentencing memorandum may be sealed because it contained medical information.  Accordingly, Hamm again fails to carry his burden to overcome the right of public access.

### D. Safety Concerns

The Court agrees with Hamm that safety concerns can justify sealing in certain occasions.  Hamm cites the present version of Local Rule 13.05(B)(2) that requires sealing, in all criminal cases, of information regarding whether a defendant has cooperated with the United States.  The Court and parties have fully complied with Local Rule 13.05(B)(2) as to Hamm; Hamm's status as either a cooperator or non-cooperator is simply not at issue on the present motion and Local Rule 13.05(B)(2) in its present or revised form[2] does not provide a basis for sealing Hamm's sentencing memorandum.

Hamm next raises a general concern that inmates are frequently pressured for court records and cites 28 CFR § 541.3 for support.  That regulation applies to the Bureau of Prisons, not courts, and undermines Hamm's position insofar as the regulation prohibits inmates from being coerced into producing court records and authorizes the BOP to sanction violators.  *See id.*

---

[1] At page 12 of Doc. 68, the Court's quote of *Thompson* should read: "[t]he values of encouraging witnesses to come forward and discouraging perjury remain salient at sentencing[.]"  *United States v. Thompson*, 713 F.3d 388, 393 (8th Cir. 2013) (quoting *United States v. Rivera*, 682 F.3d 1223, 1228 (9th Cir. 2012)).
[2] The revised version of the local rule likewise requires sealing of materials regarding cooperation.

Hamm also cites *United States v. Korbe*, 2010 WL 11527423, *4 (W.D. Pa. Nov. 8, 2010) and *Thompson,* 713 F.3d at 394, to suggest that courts have justified sealing for safety reasons. Neither case lends support. First, *Korbe* never specified the safety reasons justifying sealing and thus does not offer support for Hamm beyond the general principle that safety concerns may justify sealing. Moreover, *Korbe* involved more than just the safety of the defendant. The court found sealing appropriate to protect the defendant's safety, the safety of third parties, and the fair trial interests of the defendant's wife. *Id.* at *4.

In *Thompson*, the Eighth Circuit found that a district court did not abuse its discretion in ordering the defendant's family, the only members of the public in the audience, to exit the courtroom when a witness against the defendant testified. Importantly, the witness "expressed fear of testifying against [the defendant], an alleged gang member involved in a drive-by shooting who was implicated in other gang-related, violent activities by other witnesses." *Id.* at 396. *Thompson* supports the protection of testifying witnesses from criminal defendants and their accomplices. Hamm fails to raise his generalized safety concerns from a level of speculation to the level of compelling reasons supporting sealing.

**III.    District Court's Role in Sentencing**

Hamm takes issue with how the Court perceives its role in issuing sentences, "observ[ing] that [the Court's] vision of the duty of a district court takes on more than [*United States v. Gall*, 552 U.S. 38, 49 (2007)] actually assigns to individual district judges." Doc. 84 at p. 7. Hamm notes that the United States Sentencing Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46, and the United States Sentencing Commission serves to establish sentencing policies and practices that:

9

>provide certainty and fairness in meeting the purposes of purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices[.]

28 U.S.C. § 991(b)(1)(B).  While the Court lauds Hamm's recognition of the important role that the Sentencing Guidelines play in sentencing, the Court notes that Hamm asks the Court to substantially vary downward from those Guidelines.

Hamm also recognizes "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct is a statutorily recognized consideration of great importance."  Doc. 84 at p. 8 (citing 18 U.S.C. § 3553(a)(6)).  The Court of course agrees with Hamm's description of the purpose of the Guidelines, but questions how Hamm expects the goal of avoiding unwarranted sentencing disparities to be achieved if courts seal sentencing-related documents.  For example, Hamm does not explain how one judge could know what factors another judge took into account, or, as importantly, rejected, as a basis for determining whether defendants "who have been found guilty of similar criminal conduct" have "similar records" or meaningfully exercise "sufficient flexibility[,]" 28 U.S.C. § 991(b)(1)(B), without it becoming purely arbitrary when the very basis on which a judge determines a sentence is sealed.

These questions apply with equal force to 28 U.S.C. § 994(w).  While judges must provide a "statement of reasons for the sentence imposed" to the Sentencing Commission, the information contained in the statement of reasons does not provide the bevy of information Hamm apparently thinks it does.  See statement of reasons Form AO 245(B), which merely requires the judge to check applicable boxes and leaves little space for a narrative.  One would be hard pressed to obtain the defendant's full history and all the reasons considered and accepted by

10

the judge simply by reviewing the statement of reasons. Similarly, the statement-of-reasons form does not include information on reasons considered but rejected. *See* Form AO 245(B). Contrary to Hamm's assertion, sealing sentencing memoranda does "hinder comparison of defendants." Doc. 84 at p. 8.

Hamm also argues that the Guidelines range is not part of the public record, relying on the Supreme Court's statement in a pre-Guidelines case, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 610 (1978)), that "[t]he requirement of a public trial is satisfied by the opportunity of members of the public and the press to attend the trial and to report what they have observed." Doc. 84 at p. 9. Hamm's argument simply misstates the law because courts must make findings on the Guidelines range and state at sentencing the Guidelines calculations on the record and in open court. *See* 18 U.S.C. § 3553(c).

Upon recognizing that promoting public confidence constitutes a worthy goal, Hamm argues that *Thompson* serves as example of a case that did not instill public confidence in an attempt to demonstrate that the Court has improperly relied on it. Doc. 84 at p. 10. The Court suspects that the public's confidence in imposing sentences will not diminish upon learning that a witness in a gang-related case did not have to testify in front of the defendant's family. In fact, the opposite may very well be true.

Hamm then correctly notes that "the public's right to access can be outweighed by Defendant's competing interest in protecting the details of his private information[,]" citing *United States v. Ledford*, 2020 WL 974895 (W.D. N.C. Feb. 28, 2020). Doc. 84 at p. 10. The court sealed the sentencing memorandum in *Ledford* because the defendant "demonstrated that the unredacted memorandum contain[ed] sensitive information concerning the Defendant and that the public's right of access to such information [was] substantially outweighed by the

11

Defendant's competing interest in protecting the details of such information." *Id*. at *1. However, the court never specified what the sensitive information justifying sealing composed of and it is thus impossible to know whether the information in that case has any similarities to the information Hamm seeks to have sealed. *Ledford* therefore serves as an apt illustration of why sealing is the narrow exception to the broad rule of public access to the courts.

Next, Hamm takes issue with the Court's characterization of Hamm's seeking to protect his reputation as a basis for his original sealing motion. Doc. 84 at p. 10. Hamm's one-page original motion contains very little in the way of detail or argument, and the Court construed Hamm's statement that his "status as a community figure heightens the level of scrutiny regarding his history and provides greater incentive for this Court to grant defendant's request for confidential information to remain sealed[]" as seeking to protect his reputational interests. Doc. 59; *see also* Doc. 68 at p. 14 ("Hamm *also* argues that his 'status as a community figure heightens the level of scrutiny regarding his history and provides greater incentive for this Court to grant defendant's request for confidential information to remain sealed.'" (quoting Doc. 59 at p. 1) (emphasis added)). To the extent Hamm now clarifies that his earlier statement about his status as a community figure was not intended to seek to protect his reputational interests, Doc. 84 at pp. 11–12, the Court accepts the clarification and agrees that *United States v. Dowdy*, No. 5:07-CR-50042, 2020 WL 5603927 (W.D. Ark. Sept. 18, 2020), accordingly would be distinguishable in certain respects.

Regardless of the purpose underlying Hamm's statement, his argument that the greater the public interest, the greater the need for sealing fails even under minimal scrutiny. Hamm in effect suggests that public or community figures have greater rights than the common person, and by implication that courts should be more solicitous towards such figures. Such an argument

12

lacks support. To the contrary, public figures bear a higher burden to establish First-Amendments violation in defamation cases because they must establish actual malice, an element not required in a non-public-figure defamation case. *Compare Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp.*, 951 F.3d 952 (8th Cir. 2020), *with Turntine v. Peterson,* 959 F.3d 873 (8th Cir. 2020).

## IV.     Partial Redaction

Hamm alternatively asks the Court to permit him to file a redacted version of his sentencing memorandum. Doc. 84 at p. 12. Hamm does not specify what information he would redact but generally states a few categories of information. *Id.*[3] The Court denies Hamm's alternative request.

## V.     Conclusion

Having found that Hamm has not met his burden to seal his sentencing memorandum, the Court denies [84] Hamm's Motion for Leave to File Sealed Document. The Court will consider those materials in the sentencing memorandum that Hamm and his counsel put on the public record; the Court further takes under advisement and will address at sentencing whether Hamm met his burden as to the two redacted sentences set forth in Doc. 90. The Court grants [89], the motion to withdraw Doc. 60.

The United States may file a sentencing memorandum no later than 12:00 noon on April 23, 2021.

So Ordered this 21st day of April 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

---

[3] Shortly before the Court finalized this order, Hamm filed: 1) Doc. 89, a motion for leave to withdraw his original sentencing memorandum, and 2) a redacted version of his sentencing memorandum, redacting two sentences.